```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JOHN RANDALL EPPERSON,**

                       **Petitioner,**

          **v.**                                            **CASE NO. 10-3057-RDR**

**WARDEN CHESTER,**

                       **Respondent.**

## O R D E R

This matter is before the court on a pro se petition submitted under 28 U.S.C. § 2241 by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas. Petitioner characterizes his pleading as a "free standing action alleging a Brady violation" in his federal criminal proceeding in Texas.

Petitioner entered a guilty plea in 2001 to criminal charges in U.S. v. Epperson, Case No. 01-CR-10 (E.D.Texas). Following an unsuccessful direct appeal, petitioner sought relief under 28 U.S.C. § 2255, alleging in part that defense counsel was ineffective in advising petitioner about the quantity of controlled substance involved in petitioner's case, in failing to object to the inclusion of the weight of waste by-product materials to determine petitioner's base offense level for sentencing, and in failing to conduct an independent chemical analysis of the controlled substance product at issue in petitioner's case. In 2004, the district court denied relief, and the Fifth Circuit Court of Appeals denied

Epperson's request for a certificate of appealability. *See* Epperson v. U.S., Case No. 03-CV-233 (E.D.Texas).

In the present case, petitioner is attempting to pursue relief on a similar claim. He now includes copies of laboratory reports he claims were unlawfully withheld at the time, and argues that but for this Brady violation his sentence would have been much less and he would not be in prison still. This court has no jurisdiction under 28 U.S.C. § 2241 to consider this claim.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 embodies the traditional habeas corpus remedy, allowing an inmate to collaterally attack his confinement. *See* U.S. v. Hayman, 342 U.S. 205, 211-13 (1952). However, "a petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined [whereas a motion under 28 U.S.C. § 2255] attacks the legality of detention, and must be filed in the district that imposed the sentence." Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000)(*quotation marks and citation omitted*). This distinction between actions brought pursuant to § 2241 and § 2255 is well-established. Section 2241 "is not an additional, alternative, or supplemental remedy to ... § 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Rather, a petitioner may challenge the validity of a conviction or sentence under § 2255 only if it is shown that the remedy under §2255 is "inadequate or ineffective".

2

Id. The fact that a petitioner has been denied relief under § 2255 is not sufficient to show the remedy is inadequate. Id.

Accordingly, to the extent petitioner seeks modification of a sentencing order imposed in a federal criminal proceeding in another district court, this request must be addressed to that court either through a direct appeal or through an appropriate post-conviction motion.[1] Section 2241 does not provide petitioner with an alternative route for obtaining federal review of this claim. While this court has jurisdiction under § 2241 over the execution of petitioner's confinement within its judicial boundaries, it is patently obvious that this court has no jurisdiction to alter sentencing orders entered in a criminal case in another judicial district.

Because petitioner makes no showing that the remedy afforded under 28 U.S.C. § 2255 is inadequate or ineffective to consider petitioner's allegations of error in the sentence imposed, this court has no jurisdiction under 28 U.S.C. § 2241 to consider any such claim. The court thus directs petitioner to show cause why the petition should not be dismissed without prejudice because this court lacks jurisdiction under 28 U.S.C. § 2241 to consider petitioner's claims. The failure to file a timely response may result in the petition being dismissed for the reasons stated herein, and without further prior notice to petitioner.

---

[1] Because petitioner previously sought relief under § 2255, he must seek and obtain authorization from the Fifth Circuit Court of Appeals for the sentencing court to consider a second or successive § 2255 motion. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b).

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why the petition for a writ of habeas corpus under 28 U.S.C. § 2241 should not be dismissed without prejudice for lack of jurisdiction.

DATED: This 6th day of April 2010, at Topeka, Kansas.

    s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge